1  Ronald Wilcox, Esq., State Bar No. 176601
2  2160 The Alameda, Suite F, First Floor
   San Jose, CA 95126
3  Tel: (408) 296-0400
   Fax: (408) 296-0486
4  ronaldwilcox@post.harvard.edu

5  Peter F. Barry, Esq., 0266577 (Admitted Pro Hac Vice)
   Barry & Slade, LLC
6  2021 E. Hennepin Are, #195
7  Minneapolis, Minnesota 55413
   Tel:  (612) 379-8800
8  Fax: (612) 379-8810
   pbarry@lawpoint.com
9
10 ATTORNEYS FOR PLAINTIFFS

11                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA
12                            SAN JOSE DIVISION

13 IRMA SANCHEZ, JORGE SANCHEZ,           )
   AND SOPHIA SANCHEZ,                    )
14                                        )        CIV. NO.  C06-06280 PVT
                                          )
15            Plaintiffs,                 )
                                          )        **NOTICE AND MOTION TO COMPEL**
16       v.                               )        **AND/OR PRECLUDE**
                                          )
17 CLIENT SERVICES, INC. AND KARLA        )        Date:   September 4, 2007
   DAVIS,                                 )        Time:  10:00 a.m.
18                                        )        Hon.   PATRICIA V. TRUMBULL
19            Defendants.                 )        U.S. District Court
                                          )        280 South 1st St., San Jose, CA
20

21     **PLEASE TAKE NOTICE THAT** on September 4, 2007, at 10:00 a.m., or as soon thereafter as

22 the matter may be heard, in the above-entitled Court located at 280 South 1st St., San Jose, CA 95113,

23 plaintiffs will move the court to compel discovery and/or preclude evidence.  This motion will be

24 based on the herein notice and motion, including the legal authorities cited, the supporting declaration,

25 all documents related to the motion, all documents in the Court's file in this action, all matters of

26 which the Court may take judicial notice, and any other items the Court deems appropriate.

27

28

- 1 -
_____
NOTICE AND MOTION TO COMPEL AND/OR PRECLUDE

## I. INTRODUCTION

Plaintiffs filed this lawsuit against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and California's Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq. (hereinafter "state Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices, and related common law tort claims.  Plaintiffs requested statutory, actual and punitive damages.  Plaintiffs allege that Defendants engaged in a campaign of telephone abuse in an attempt to coerce payment on a consumer debt, including repeated unlawful and intrusive phone calls to third-parties, including phone calls to Plaintiff's place of employment, and a minor child.  Defendants placed ninety-four (94) phone calls to Plaintiff's place of employment, after being on notice that she could not take collection calls at work; and one-hundred and twenty-five (125) calls total relating to the account over a six (6) month period.

## II. DISCOVERY PRINCIPLES

Plaintiff is entitled to discovery as to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case [including] a variety of fact-oriented issues [which] may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

It is the defendant's burden to persuade the Court that the information it has refused to provide is outside the broad scope of discovery. *Compagnie Francaise D'Assurance v. Phillips Petroleum*, 105 F.R.D. 16 (S.D.N.Y. 1984); *White v. Beloginis*, 53 F.R.D. 480 (S.D.N.Y. 1971); *Elgin FCU v. Carter, Fitzgerald Securities*, 91 F.R.D. 414 (N.D. Ga. 1981); *US v. 58.16 Acres of Land*, 66 F.R.D. 570 (1975).  Boilerplate objections are ineffectual: *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982); *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1966) (boilerplate objections inconsistent with federal rules); *Burus v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593/-/94 (W.D.N.Y. 1966) (blanket objections are insufficient).

NOTICE AND MOTION TO COMPEL AND/OR PRECLUDE

The court may not consider the merits of the action in ruling on discovery disputes. *Garland v. Torres*, 259 F.2d 545, 550-51 (2d Cir. 1958).

Denying a party discovery as to issues in the case prejudices the plaintiff's ability to prosecute. *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir. 1980); *Matter of Rassi*, 701 F.2d 627, 631 (7th Cir. 1983); *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (abuse to fail to adhere to spirit of the rules).

## III. DISCOVERY OBSTRUCTION

Defendants have failed to: 1) appear at properly noticed depositions, 2) produce competent F.R.C.P. 30(b)(6) designees, 3) answer questions at depositions, 4) properly answer Requests to Produce Documents, and 5) have interfered with Plaintiff's right to depose third-parties. The parties met and conferred on discovery matters since February 2007 via telephone, fax, on the record at depositions, via e-mail, and finally in a one-hour telephone conference on July 27, 2007, attended by two counsel for Defendants and two counsel for Plaintiffs. Unfortunately, the matters were not resolved. Declaration of Peter F. Barry ("Decl.") ¶89.

### A. Non-Appearance of Party Witnesses on February 28, 2007

Defendants' deponents' failed to appear on more than one occasion. During Plaintiffs' first trip to St. Louis, MO, Defendant's FRCP 30(b)(6) designee failed to appear and did NOT seek a protective order. Decl. ¶3. Furthermore, Defendant Karla Davis failed to appear and did not seek a protective order. Decl. ¶4. The depositions were noticed on dates agreed to by all parties when scheduling witness depositions for *both* Plaintiffs and Defendants. Decl. ¶5-9. Plaintiffs appeared as agreed, but Defendants did not. Decl. ¶30-33. In an effort to resolve the matter, Plaintiff offered to remain in St. Louis, MO, and conduct the deposition on a Saturday, but Defendants refused. Decl. ¶35-36.

Defendants will likely argue that they sent Plaintiffs a letter indicating they would not appear as earlier agreed. However, under the Rules, Defendants were required to appear, or if they believed they

had sufficient grounds, were required to obtain a Court Order excusing their appearance. Indeed, the failure to appear for a deposition, absent a protective order is sanctionable under FRCP 37. Any motion for a protective order must be timely since the motion itself does not stop the deposition. *King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983). *See also, Goodwin v. Boston,* 118 F.R.D. 297 (D. Mass. 1988)(Defendants were required to pay costs and fees for failure to come to a deposition even though defendants had filed motion to quash, where filing the motion to quash did not automatically stay deposition and Defendant failed to file a motion with court to stay deposition). Nor is a parties' failure to appear cured by a promise to later submit to a deposition. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 947 (9th Cir. 1993)(repeated last minute cancellations constitute failure to appear, even if the deposing party was notified, or agreed to attempt to reschedule. Nor is a parties' failure to appear cured by a promise to later submit to a deposition.) Additionally, the failure to appear was inexcusable since Plaintiffs indicated they would proceed with the depositions absent a protective order, as required by the FRCP. Decl. ¶20-24.

**B. Refusal to Permit Corporate Designee to Testify on Certain Topics**

On Plaintiffs' second trip to St. Louis, MO, Defendant failed to produce a competent FRCP 30(b)(6) designee on all topics and refused to testify regarding certain deposition topics, including those referenced below. Under FRCP 30(b)(6) the corporation had a duty to produce and prepare the witness to give "complete, knowledgeable and binding answers". *Marker v. Union Fidelity Life Ins. Co*. (M.D.N.C. 1989)(Defendant's failure to designate knowledgeable person in response to specific and understandable request required new order requiring it to produce knowledgeable person and to pay plaintiff's attorneys' expenses). In the event the designee could not answer the corporation had a duty to substitute a proper witness. *Id* at 126. The failure to designate was a failure or refusal to answer deposition questions justifying appropriate sanctions. *Id.* Indeed, Appellate Courts have stated unless the corporation designates a knowledgeable person, it is for all practical purposes no appearance

at all. *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196 (5th Cir. 1993). Defendants' failure to appear and produce an appropriate designee will force Plaintiff to make a third trip to St. Louis.

Courts within the Ninth Circuit have levied sanctions under 28 U.S.C. §1927 for a party's Defendant's repeated discovery abuse and vexatious multiplication of the proceedings. *Rux v. Starbucks Corporation*, 2007 U.S. Dist. LEXIS 30180 (E.D. CA April 12, 2007). Also see, *Grinzi v. Barnes*, 2004 U.S. District 20979 Lexis (N.D. Cal. 2004). Courts outside of the Ninth Circuit have also stated that sanctions can be imposed for behavior by counsel that disrupts a deposition pursuant to FRCP 30(d), 28 U.S.C. § 1927, and its inherent power. *Higginbotham v KCS Int'l, Inc.*, 202 FRD 444. (D. MD 2001). While Plaintiffs are not seeking sanctions at this time, Plaintiffs are entitled to an Order requiring Defendant to produce a knowledgeable designee on the topics mentioned below. *FDIC v Butcher*, 116 F.R.D. 196 (E.D. TN 1986).

**1. Personnel Files**

Defendants failed to produce any discovery relating to employee personnel files[1], and refused to permit Defendant Karla Davis and the corporate designee to testify regarding personnel files- Plaintiff deposition notice topic number 10.[2] Decl. ¶43-48, ¶65-66. Defendants failed to produce any

---

[1] In Request for Production, Number 6, served on February 28, 2007, Plaintiff specifically requested, "Any and all personnel files, human resource department records, employment files, and other documents, including but not limited to all disciplinary notices, performance appraisals, written or verbal reprimands, incident reports, job applications, resumes, memos, and or electronic recordings of collection communications that were the subject of private or other complaints by any person, for every defendant who is a natural person and for every collection employee of defendant who has been specifically names in this lawsuit." *See Exhibit 20, Plaintiffs' Interrogatories, Requests for Admissions and Request for Production of Documents, Set One, Page 11, Number 6.*

Defendant's objection was approximately one-page long and stated six (6) times it was objecting to this "interrogatory" and concluded by stating it "will not produce any documents in response to this request." Due to its length Plaintiff will no recite the entire objection here. *It is attached as Exhibit 21, Defendant's Client Services, Inc.,'s and Karla Davis' Objections and Responses to Plaintiffs' First Set of Request for Production of Document, Page 7, Number 6.*

[2] Deposition Topic Number 10, specifically requested, "The details and contents of all personnel files for the individuals that worked on Plaintiff's account."

privilege log and failed to bring any motion for protective order.

In addition, during Ms. Davis's deposition, her counsel repeatedly and improperly invoked a "privacy" privilege with respect to her involvement in prior legal proceedings, her job performance appraisals, and her personnel matters, generally. Decl. ¶62. This alleged privacy privilege was apparently based upon California law. Nonetheless, California law is inapplicable to disclosure and discovery obligations in a federal court action alleging federal causes of action. *See, e.g., Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987)(personnel files discoverable in federal civil rights action despite claims of privilege under California law). The proper mechanism for an employer to use to protect an employee's privacy interest in his personnel file is to obtain, either by stipulation or motion, a properly crafted protective order under Rule 26(b)(5)(c). *See, e.g., Knoll v. AT&T*, 176 F.3d 359 (6th Cir. 1999). *See also, Grinzi v. Barnes*, 2004 U.S. District 20979 Lexis (N.D. Cal. 2004). The parties entered into a Stipulated Protective Order filed with the Court on January 2, 2007. Thus, Defendants had no justification to withhold the discovery, and to refuse to testify about personnel files-topic number 10. The personnel files must be produced, and Plaintiffs must be provided an opportunity to reopen the deposition of Defendant Davis on these issues if necessary.

**2. Financial Condition**

Defendants also refused to answer questions regarding financial condition.[3] Decl. ¶49-51. Defendants continue to mistakenly believe that California state civil procedure rules govern this action. Thus, Defendants believe California Code of Civil Procedure §3295 prevents discovery regarding financial condition, unless Plaintiff makes a prima facie showing of entitlement to punitive damages. However, "as a state discovery and procedural law, California Civil Code §3295 conflicts with FRCP 26(b); it establishes a discovery scheme fundamentally inconsistent with the discovery rules under the

---

[3] Deposition Topic number 31, specifically requested, "Client Services, Inc.'s annuals sales, gross income, net income, and profit, for 2005 and 2006." Deposition Topic number 32, specifically requested, "Client Services, Inc.'s financial condition." *See Exhibit 14, Second Amended Notice of Taking the Deposition of Client Services, Inc. through its Designated Witnesses.*

NOTICE AND MOTION TO COMPEL AND/OR PRECLUDE

Federal Rules of Civil Procedure." *Oakes v. Halvorsen Marine, Ltd*., 179 F.R.D. 281 (C.D. Cal. 1998). Therefore, discovery is a procedural matter governed in the federal courts by the FRCP, and state procedural rules are irrelevant. *Bradley Trust v. Zenith Capital*, 2005 U.S. Dist. LEXIS 35562 (N.D. Cal. 2005), *9; and *Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc*., 2007 U.S. Dist. LEXIS 8870, *9 (N.D. Cal. 2007).  Thus, courts within the Ninth Circuit have repeatedly and consistently held that evidence of financial condition is discoverable.  *Id.*  Other courts considering discovery matters in FDCPA cases have reached the same conclusion). *Federal Trade Commission v. Lundgren*, 1997 U.S. Dist. LEXIS 9557 (E.D. Cal. 1997)(rejecting a debt collector's claim of a "Right to Financial Privacy." In granting sanctions, the Court indicated that the debt collector failed to explain how California Civil Code §3295 would apply to a federal action not based on diversity jurisdiction).

Furthermore, Plaintiff has been attempting to resolve this case and believes this discovery information may assist the parties in making a realistic appraisal of the case, may lead to settlement and may avoid protracted litigation.  As the Central District of California has noted (*Oakes v. Halvorsen Marine, Ltd*., 179 F.R.D. 281, 286 (C.D. Cal. 1998)):

> The discovery of financial information relevant to a punitive damages claim is permissible under the Federal Rules of Civil Procedure, whether or not such evidence would be admissible at trial. [*CEH, Inc. v. FV "Seafarer",* 153 F.R.D. 491, 499 (D. R.I. 1994)]. Moreover, as discussed above, one of the purposes behind the broad federal discovery rules is to facilitate settlement, and such financial information is valuable in assisting both sides in making a realistic appraisal of the case, and may lead to settlement and avoid protracted litigation. *Id*. at 499.

Defendants' failure to testify and produce the properly requested discovery information, and failure to even seek a Protective Order to prevent its production, is sanctionable.  Defendants must produce a competent designee for topics 31 and 32 relating to financial condition.

### 3. Factual Basis for Answer and Results of Investigation

As to deposition notice topics 9, 11, 12, and 13[4], Defendants refused to provide testimony

---

[4] Deposition topic number 9 requested, "Client Services, Inc.'s investigation into the claims made by Plaintiffs in their Complaint."  Deposition topic number 11 requested, "Any and all information related

about the factual basis for their Answer in the lawsuit; the factual basis for the defenses plead; the factual basis for any bona fide error defense they might assert; and, the facts surrounding their investigation into the Complaint. Decl. ¶52. Plaintiffs are certainly entitled to know all facts upon which Defendants rely not only for their defenses, but also those non-privileged investigatory facts within their knowledge. Alternatively, Defendants should be precluded from introducing any evidence of bona fide error. F.R.C.P. 37(c)(1). Plaintiffs are entitled to know whether or not Defendants are relying upon any defense of bona fide error. If Defendants are not so relying on a bona fide error defense then they should so stipulate on the record. Otherwise, it is highly prejudicial to Plaintiffs if Defendants are permitted to refuse to answer questions about this defense, and then raise it as a defense at trial or summary judgment.

**4. Information Regarding Prior Complaints and Lawsuits**

Defendants' refused to provide information regarding prior complaints and lawsuits with respect to deposition notice topic 26.[5] Decl. 60. This information is essential in helping Plaintiffs to establish possible punitive damages, as well as for the Court in determining statutory damages, at trial. Under the Fair Debt Collection Practices Act ("FDCPA") the Court is to consider, among other relevant factors, "…the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." See 15 U.S.C. § 1692k(a)(3). The Advisory Committee Note to the 2000 Amendment to F.R.C.P. 26(b)(1) states, "information such as other incidents of the same

---

to the factual basis for Client Services, Inc.'s Answer. Topic number 12 requested, "Any and all other information related to Client Services, Inc.'s defenses claimed in their Answer." Topic number 13 requested, "Any bona fide error defense Client Services, Inc. may have with regard to the allegations set forth in the Complaint."

[5] Deposition topic number 26 requested, "The history, specific details, and resolution of any formal and informal complaints, Better Business Bureau complaints, regulatory actions, claims, litigations, mediations, arbitrations, or other actions, legal or otherwise, connected to our arising out of, Client Services, Inc.'s business, in the period from three (3) years prior to the date of this notice to the present."

type...may be relevant to the claims in the action." *See* **West's Federal Civil Rules Handbook**, p.577 (2004).  At the re-noticed deposition, Defendants' counsel stated that "this witness is not a witness that has that information in his knowledge base, so he can't testify on that." *See Exhibit 15, page 9, line 24*.  This conduct simply does not conform the Federal Rules of Civil Procedure.

**C. Non-Appearance of Third-Party Deponent Don Bailey**

Furthermore, third-party deponent Don Bailey appeared for his subpoenaed deposition, and then after speaking privately to counsel Brian Davis for approximately 50 minutes, Mr. Davis declared Mr. Bailey could not stay to be deposed. Decl. ¶70-71, and ¶74-77.

Courts within the Ninth Circuit have stated that grounds existed under F.R.C.P. 30(d)(3) and 37(a)(4)(A) to impose monetary sanctions against an inventor and his attorney where the attorney, without making the slightest effort to comply with appropriate procedures for terminating a deposition under F.R.C.P. 30(d)(4), took it upon himself to unilaterally terminate the deposition of the inventor because the attorney did not like questions that were asked about why the inventor's deposition had been delayed, and when the attorney became disruptive and caused the inventor's deposition to end abruptly and improperly.  *Biovail Labs., Inc. v. Anchen Pharm., Inc*., 233 FRD 648 (C.D. Cal 2006).

Similarly, Defendants' refusal to allow Mr. Bailey to testify and requirement that Plaintiffs fly back to St. Louis yet a <u>third time</u> to complete depositions, when Mr. Bailey had already appeared at the designated time and place for his subpoenaed deposition, is just the kind of needless multiplication of proceedings and discovery abuse that warrants sanctions under 28 U.S.C. §1927.  *See Rux* and *Grinzi*.

To date, Defendants have failed to move for a protective order; have failed to provide alternative available deposition dates; and have indicated in meet-and-confer sessions that there is no need for Plaintiffs to depose this third-party witness.  Furthermore, Defendants' counsel has improperly sought to declare that his law firm represents all former employees with regard to this case. Decl. ¶85.  It goes without saying that a person has a right to choose counsel—and that it

cannot be appointed to them without their consent.  Defendants' counsel's assertion that he is the de facto legal representative for all current and former employees of Defendant Client Services, Inc., with or without their knowledge, in an effort to thwart Plaintiffs' discovery efforts.

Both California and Missouri ethical rules permit Plaintiffs' counsel to seek out and talk to former employees of a corporate Defendant such as this one, and under circumstances such as these, so long as those employees are not known to be represented by counsel. Indeed, California Appellate Courts have struck down blanket prohibitions on contacting current and former employees of a party. *Triple A Machine Shop v. State of California et al.*, 213 Cal. App. 3d 131 (1989).  Plaintiffs also respectfully request an Order that defendant's counsel provide Plaintiff with an available date for the deposition subpoena of Mr. Don Bailey and that Defendants not interfere with Plaintiff's right to contact and/or depose former employee's of Client Services, Inc.

## V. CONCLUSION

For the reasons stated above Plaintiffs respectfully request:

1) an Order requiring Defendants to produce a competent F.R.C.P. 30(b)(6) witness on deposition topics number 9, 10, 11, 12, 13, 26, 31, 32;

2) an Order requiring Defendant Client Services, Inc. supplement its response to Request to Produce number 6;

3) an Order requiring Defendants' counsel provide an available deposition date for Don Bailey, and an Order that Defendants' counsel not interfere with Plaintiff's right to contact and/or depose former employee's of Client Services, Inc.

4) an Order requiring Defendants to comply and allow discovery to be completed by the September 18, 2007 cut-off date, or extend such date accordingly.

Respectfully submitted,

Dated: July 31, 2007                                         /s/Ronald Wilcox
Ronald Wilcox, Counsel for Plaintiff