# EXHIBIT 20

Ronald Wilcox
Attorney at Law
2160 The Alameda, First Floor Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: Ronaldwilcox@post.harvard.edu



RONALD WILCOX
Attorney at Law

# Fax

| To: | Phoung H. Nguyen, Esq. | From: | Marion Ramel, Legal Assistant |
| --- | --- | --- | --- |
| | Hayes, Davis, Bonino, Ellingson, McLay & Scott | | |
| | 203 Redwood Shores Parkway, Suite 480 | | |
| | Redwood Shores, CA 94065 | | |

| **Fax:** | 650-637-8071 | **Pages:** | 25 |
| --- | --- | --- | --- |
| **Phone:** | | **Date:** | 2/14/2007 |
| **Re:** | Sanchez et al. v. Client Services, Inc., et al | **CC:** | |
| | Case No.: 06-06280 PVT | | |

☐ **Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☒ **Please Reply**   ☐ **Please Recycle**

Dear Ms. Nguyen:

Attached please find *Plaintiffs' Interrogatories, Requests for Admission, Requests for Production of Documents, and Requests for Production of Statements Set I.*

Sincerely,

*Marion Ramel*

Marion Ramel
Legal Assistant to Ronald Wilcox

**Ronald Wilcox, Esq., 176601**
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@mac.com

**Peter F. Barry, Esq., 0266577 (Minnesota - Admitted Pro Hac Vice)**
Barry & Slade, LLC
2021 E. Hennepin Are, #195
Minneapolis, Minnesota 55413
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

**ATTORNEYS FOR PLAINTIFF**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| IRMA SANCHEZ, JORGE SANCHEZ AND SOPHIA SANCHEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CLIENT SERVICES, INC. AND KARLA DAVIS,<br><br>Defendants. | **CIV. NO. C06-06280 PVT**<br><br>**PLAINTIFFS' INTERROGATORIES, REQUESTS FOR ADMISSION, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR PRODUCTION OF STATEMENTS SET I** |

**\*\*In an effort to reduce time and costs of litigation, these discovery requests are being made available to you via email in Microsoft Word format.  Please reciprocate.\*\***

TO:     **DEFENDANTS AND THEIR ATTORNEY IN THE ABOVE-ENTITLED ACTION:**

**PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure, Plaintiffs propound the following discovery interrogatories and requests:

- 1 -

## INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate.  As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection.  If any objection is made based upon a claim of privilege as to any response, Defendants shall state the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Federal Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles.  Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda

- 2 -

for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

   a.   The date of the document;

   b.   The type of document;

   c.   The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

   d.   The name of the employer or principal whom the signers, addressers and preparers were representing;

   e.   The present location of the document;

- 3 -

f.   The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.   A summary of the contents of the document; and

h.   If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiffs request that the documents be made available for this inspection at the offices of counsel for Plaintiffs at **2160 The Alameda, First Floor, Suite F, San Jose, CA 95126**, or at such office of the Defendants as may be the location of any of the documents requested, during normal business hours, and with the least possible disruption to the ordinary course of Defendants' duties and responsibilities.

Plaintiffs further request that this inspection be permitted by Defendants immediately after Defendants' response to this request has been filed, and that Plaintiffs' attorneys be permitted to remove from Defendants' custody such documents as they may desire to copy, on the understanding that Plaintiffs' attorneys will be responsible for such documents so long as they are in their possession, that copying will be done at Plaintiffs' expense, and that the documents will be promptly returned after copying has been completed.

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location. If there are no such documents, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Federal Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or

consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

## **INTERROGATORIES**

**Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant(s) answer, under oath, the following interrogatories:**

1.  For each individual person, officer, employee, agent, or other entity answering or providing any information used by Defendants to answer any Interrogatory, state the following:

    a.  First, last, and middle legal name;

    b.  All DBA, fake, or alias name(s) used by this person;

    c.  Job title or capacity;

    d.  Business address and telephone number;

    e.  Home address and telephone number;

    f.  Age;

- 5 -

2. Identify each document referred to or consulted by Defendants in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

3. Identify all persons known to Defendants to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

    a. First, last, and middle legal name;

    b. All DBAs, fake, or alias name(s) used by this person;

    c. Job title or capacity;

    d. Business address and telephone number;

    e. Home address and telephone number;

    f. Age;

4. Identify and describe with particularity all training that Defendants provide or receive, in the area of debt collection activities, including but not limited to:

    a. The training content, timing, and duration;

    b. All documents and audio or visual materials used in such training; and

    c. Each person involved in providing such training.

5. Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that Defendants debt collection employees or agents are given, read, review, or otherwise use, regarding the collection of debts.

6. Identify and describe Defendants' disciplinary policy/policies for debt collection employees or agents who are found to have violated state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

7.    Identify and describe any and all documents that describe, record, or establish Defendants' methods and techniques used to collect debts.

8.    Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendants use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and Defendants' policies and procedures for operating such a system of records.

9.    Identify whether any or all of the Defendants record telephone calls by any means with any persons from whom they are collecting debts or alleged debts, and what steps are taken to preserve these recordings.

10.    Identify whether any or all of the Defendants recorded any telephone call with the Plaintiffs and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

11.    Identify the original creditor of the alleged debt that Defendants were trying to collect from Plaintiffs and provide the original creditor's full legal name, address, city, state and zip code, and telephone number.

12.    In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiffs was referred, placed or otherwise assigned to the Defendants for collection, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.

13.    Identify and describe each document known to Defendants, which is related to or contains information about the debt being collected from Plaintiffs.

14. Identify and describe each communication, or attempted communication, between the Defendants with the Plaintiffs, or any other person, which was made in connection with the collection of Plaintiffs' debt, by stating the following:

    a. The name of the individual initiating communication;

    b. The true legal name and alias name (if any) of the Defendants' collection employee(s) or agent(s) who participated in the communication, along with the job title, home address, telephone number and current employer (if known) of each such person;

    c. The name of the person and/or description of the person to whom the communication was directed;

    d. The date and time of the communication;

    e. The method of the communication (e.g. letter, phone call, in-person);

    f. A detailed description of the substance of the communication, (do not simply refer to collection notes);

    g. Identification of all witnesses to or participants in the communication; and,

    h. Any actions taken by any Defendant as a result of the communication.

15. State the name, address, telephone number, title, place of employment and field of expertise of each person whom Defendants intend to call as an expert witness at a trial of this case, identifying:

    a. The subject matter on which the expert is expected to testify;

    b. The substance of the facts and opinions to which the expert is expected to testify;

    c. A summary of the grounds for each opinion the expert is expected to testify; and

- 8 -

d.   All documents, treatises, books, studies, or other materials upon which the expert may rely for information or support of facts and opinions.

e.   The expert's current curriculum vitae or résumé.

16.   Identify by name, position, home address, home telephone number, business address, business telephone number, all witnesses that Defendants intend to call or may call to testify at trial, and provide a detailed summary of the expected testimony of each such person.

17.   Identify and describe specifically all exhibits Defendants may introduce at the trial of this matter.   (Alternatively, you may respond by supplying copies of each such exhibit and marking them as responsive to this interrogatory.)

18.   Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendants' business, as well as identifying the telephone numbers and account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present.

19.   Identify every single local or long distance telephone number used by Defendants in the course of their business/businesses or otherwise which is used, accessible, or made available at any time, to any employee, as well as identifying the provider's business name and address, and the account numbers for each such local and long distance service provider, for a period of two (2) years before the date of this request to the present.

20.   Identify the name, telephone extension numbers, collector number, and long distance access code of each Defendant or other person whom is or was employed by Defendants to collect debts to any extent for a period of three (3) before the date of this request to the present.

21.   Identify the full legal name, address, telephone, position, and title of all former employees of Defendants for a period of three (3) before the date of this request to the present.

- 9 -

22. Identify all lawsuits brought against Defendants at any time, and for any reason, in the period three (3) years before the date of this request to the present, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status of each such lawsuit.

## REQUESTS FOR ADMISSION

**Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff demands that Defendant(s) either admit or deny the following enumerated Requests for Admission within (30) days of service hereof:**

1. Admit that Plaintiff, IRMA SANCHEZ (hereinafter "MRS. SANCHEZ") is a natural person residing in Santa Clara County, California.

2. Admit that MRS. SANCHEZ is a "consumer" as that term is defined under 15 U.S.C. §1692a(3) and under California Civil Code §1788.2. Mrs. Sanchez is a "debtor" as defined by California Civil Code §1788.2.

3. Admit that Plaintiff, JORGE SANCHEZ (hereinafter "MR. SANCHEZ") is a natural person residing in Santa Clara County, California.

4. Admit that MR. SANCHEZ is a "consumer" as that term is defined under 15 U.S.C. §1692a(3) and under California Civil Code §1788.2. Mr. Sanchez is a "debtor" as defined by California Civil Code §1788.2.

5. Admit that Plaintiff, SOPHIA SANCHEZ (hereinafter "MS. SANCHEZ") is a natural person residing in Santa Clara County, California.

6. Admit that Ms. SANCHEZ is a person affected by a violation of the FDCPA and the California Rosenthal FDCPA, as those terms are defined under 15 U.S.C. §1692a(3) and under California Civil Code §1788.2 et seq.

7. Admit that Defendant CLIENT SERVICES (hereinafter "Defendant Collector") is a Missouri company, with a principal place of business located at 3451 Harry S. Truman Blvd., St. Charles, Missouri 63301, and who regularly engages in the business of collecting debts owed to third parties.

8. Admit that Defendant Collector is authorized to do business and is doing business in the State of California.

9. Admit that Defendant Collector regularly engages in the business of collecting debts on its behalf in Santa Clara County, California through means of interstate commerce, including the United States mails and the telephone.

10. Admit that Defendant Collector is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. Admit that Defendant Collector is a "debt collector" as defined by California Civil Code §1788.2.

12. Admit that Defendant CLARA DAVIS (hereinafter "Defendant Davis") is an employee debt collector employed by Defendant Collector, and upon well-formed information and belief, also does or did business from an address of 3451 Harry S. Truman Blvd., St. Charles, Missouri 63301, at all times relevant to this Complaint.

13. Admit that Defendant Davis is authorized to do business and is doing business in the State of California.

14. Admit that Defendant Davis regularly engages or has engaged in the business of collecting debts on Defendant Collector's behalf in Santa Clara County, California through means of interstate commerce, including the United States mails and the telephone.

15. Admit that Defendant Davis is a "debt collector" as defined by 15 U.S.C. §1692a(6).

- 11 -

16. Admit that Defendant Davis is a "debt collector" as defined by California Civil Code §1788.2.

17. Admit that sometime prior to 2004, Mrs. Sanchez incurred a consumer debt for personal, family or household purposes, namely, a Discover Card account that she had used for purchases of personal food, clothing and shelter items (hereinafter "debt") in the approximate amount of $4,069.11.

18. Admit that due to personal financial problems, Mrs. Sanchez had difficulty repaying this debt to Discover Card and sometime thereafter it was assigned, placed or otherwise transferred to Defendants for collection from Plaintiffs.

19. Admit that in or about late fall of 2005, Defendants began to call Mrs. Sanchez at her workplace to make demands for payment of this alleged debt.

20. Admit that Defendants were unable to reach Mr. Sanchez directly because she is a cook in the schools central cafeteria and cannot be reached there during the day.

21. Admit that Defendants then began to leave messages for her through her supervisor.

22. Admit that when leaving messages, the Defendants stated that these were "documented messages" and that they calls were "urgent."

23. Admit that Mrs. Sanchez's supervisors told her that Defendants had left at least two messages in or around mid-October 2005, which indicated that the Defendants were seeking her "personal residence."

24. Admit that thereafter, Mrs. Sanchez's supervisor then transferred these messages to the human resources department at the school district.

25. Admit that Mrs. Sanchez's boss, Iris, told her that they did not like receiving these calls at the school district.

- 12 -

26. Admit that at one point during the collection calls and messages, Defendant's collector told Mrs. Sanchez that they were calling her about a "case number" and told her in Spanish that she would have to go to court on this debt. This was a false threat of legal action that these Defendants neither intended to take nor had the authority to take and was therefore a communication in violation of both the FDCPA and the California Rosenthal FDCPA.

27. Admit that Mrs. Sanchez was very upset by this remark because she feared going to court.

28. Admit that in addition, Defendant's collector, Defendant Clara Davis, called and spoke with both Mrs. Sanchez's sister in law, Mrs. Maria Islas, and Mrs. Sanchez's mother in law, Mrs. Margarita Sanchez, both from Milpitas, California, about this debt.

29. Admit that Mrs. Islas and Mrs. Margarita Sanchez both then called and left message from Mrs. Irma Sanchez telling her to call Defendant back.

30. Admit that Mrs. Sanchez was very humiliated, embarrassed, and upset that Defendants were now calling her mother in law and that her daughter Ms. Sophia Sanchez had to take these embarrassing messages from these family relatives.

31. Admit that Ms. Sophia Sanchez received numerous calls for her mother, both on her mother's cell phone as well as on her home phone, from the Defendants regarding this debt.

32. Admit that in or around November 2005, Defendant Davis called and spoke with Sophia Sanchez and told her that her mother owed the Defendants a lot of money and that if she did not pay it they were going to send Mrs. Sanchez to court.

33. Admit that Defendant also told Sophia that they would investigate her mom and send her to court if she did not pay this money.

- 13 -

34.  Admit that Plaintiff Sophia Sanchez then told her mom and dad that someone had called and said that they were going to take her parents to court.

35.  Admit that Sophia was very worried for her parents after receiving this call from Defendant Davis.

36.  Admit that throughout these calls with Sophia Sanchez, Defendant Davis spoke in a loud, demanding, abusive and urgent tone of voice.

37.  Admit that sometime around November 2005, Mr. Sanchez called Defendant Collector and spoke with Defendant Davis, telling her to stop calling his wife's work because it would get her in trouble and it was stressing her out at work.

38.  Admit that Mr. Sanchez explained that there was a federal law that prohibited calls to the workplace after they had been told to stop, but Defendant Davis just laughed at him and stated that she would continue to call until the debt was paid.

39.  Admit that Defendant Clara Davis was abusive and disrespectful throughout this call and repeatedly was verbally aggressive with Mr. Sanchez.

40.  Admit that Defendant Davis also told Mr. Sanchez that Mrs. Sanchez would have to get lawyer to deal with Defendants' lawyer in court.  Again, this was a false threat of a lawsuit that Defendants did not intend to take, and they did not have the authority to make such a threat that they were going to sue anyone for this debt.

41.  Admit that Mr. Sanchez also repeatedly told Defendant Davis not to call him at work because he worked for a tow company and he could not take these collection calls while working.

42.  Admit that Mr. Sanchez was very stressed at work, his wife was embarrassed at work, and her employer and co-workers knew about this collection activity because her employer's bosses checked the voice mails.

- 14 -

43.    Admit that on or about November 4, 2005, at approximately 9:00 a.m. PST, Defendant Davis called Mrs. Sanchez at work and left her a voice mail from phone number 800-521-3236 extension 428, after having been previously told not to call Mrs. Sanchez at work.

44.    Admit that about two hours later, on or about November 4, 2005, at approximately 11:00 a.m. PST, Defendant Davis called Mrs. Sanchez again at work and left her a voice mail from phone number 800-521-3236 extension 428, after having been previously told not to call Mrs. Sanchez at work.

45.    Admit that just two hours after the previous abusive collection call, on or about November 4, 2005, at approximately 1:00 p.m. PST, Defendant Davis called Mrs. Sanchez at work and left her a voice mail from phone number 800-521-3236 extension 428, after having been previously told not to call Mrs. Sanchez at work.

46.    Admit that Defendant Davis's voicemail attempted to shame and disgrace Mrs. Sanchez by telling her that she had to pay this bill and be a responsible person, despite the fact that Mrs. Sanchez simply could not afford to pay it at that time.

47.    Admit that on or about November 9, 2005, at approximately 9:00 a.m. PST, Defendant Davis called Mr. Sanchez at work and spoke to him directly, after having been previously told not to call Mr. Sanchez at work.

48.    Admit that Defendant Davis's call attempted to shame and disgrace Mr. Sanchez by telling him that he had to pay this bill and live up to his obligations, despite the fact that Mr. Sanchez simply could not afford to pay it at that time.

49.    Admit that Five days later, on or about November 14, 2005, at approximately 10:15 a.m. PST, Defendant's debt collector called Mr. Sanchez at home and spoke directly to him.

50.    Admit that Defendant's debt collector demanded to know whether or not the Sanchezs had forgotten about this debt.

- 15 -

51. Admit that this was a harassing call given the fact that the Sanchezs had both spoken to the Defendant's debt collectors in the past week and had explained that they could simply not afford to make payments on this debt at this time.

52. Admit that the following day, on or about November 15, 2005, Defendant's debt collector called Sophia Sanchez at home and spoke directly to her regarding her mother's debt.

53. Admit that this was an embarrassing and illegal third-party contact and disclosure of Mrs. Sanchez's debt.

54. Admit that this collection call was extremely abusive and upsetting to Sophia.

55. Admit that Defendant's debt collector demanded to know when the Sanchezs were going to repay what they owed.

56. Admit that this was also a harassing and abusive collection call given the fact that the Sanchezs had both spoken to the Defendant's debt collectors in the past week and had explained that they could simply not afford to make payments on this debt at this time.

57. Admit that on or about November 23, 2005, at approximately 10:37 a.m. PST, Defendant's debt collector called Mr. Sanchez at home and spoke directly to him.

58. Admit that Defendant's debt collector demanded to know whether or not the Sanchezs were going to pay this debt.

59. Admit that Mr. Sanchez again told the debt collector that these calls were harassing, and that he and his wife did not have the funds to pay this debt.

60. Admit that this was an illegal, harassing and aggressive collection call given the fact that the Sanchez's had both repeatedly spoken to the Defendants' debt collectors in the past two weeks and had explained that they could simply not afford to make payments on this debt at this time.

- 16 -

61.    Admit that just 23 minutes later, on or about November 23, 2005, at approximately 11:00 a.m. PST, Defendant debt collector called Sophia Sanchez at home and spoke directly to her regarding her parents' debt.

62.    Admit that this was an embarrassing and illegal third party contact and disclosure of Mr. and Mrs. Sanchez's debt.

63.    Admit that this collection call was harassing, abusive, demeaning and upsetting to Sophia. Defendant's debt collector demanded to know when the Sanchez's were going to repay this debt.

64.    Admit that this was a harassing and aggressive collection call given the fact that the Sanchez's had both repeatedly spoken to the Defendants' debt collectors in the past two weeks, and in the past few minutes, and had explained that they could simply not afford to make payments on this debt at this time.

65.    Admit that less than 90 minutes later, on or about November 23, 2005 at approximately 12:30 p.m. PST, Defendant's debt collector called Mr. Sanchez at work and spoke directly to him.

66.    Admit that Defendant's debt collector demanded to know whether or not the Sanchez's were going to pay this debt.

67.    Admit that Mr. Sanchez again told the debt collector that these calls were harassing, and that he and his wife did not have the funds to pay this debt.

68.    Admit that this was a harassing and aggressive collection call given the fact that the Sanchez's had both repeatedly spoken to the Defendants' debt collectors in the past two week, and within the past two hours, and had explained that they could simply not afford to make payments on this debt at this time.

69. Admit that the debt collector told Mr. Sanchez that the Defendants were going to send him to court over this debt.

70. Admit that this was a false threat to take legal action that the Defendants did not intend to take and were not legally entitled to take.

71. Admit that despite nearly one year since Defendant debt collector made this statement, no lawsuit has been filed against these Plaintiffs for this alleged debt by these Defendants, or by anyone else for that matter.

72. Admit that on or about December 5, 2005, at approximately 9:00 a.m. PST, Defendant's debt collector again illegally contacted Sophia Sanchez at home and spoke directly to her regarding her parents' debt.

73. Admit that this was an embarrassing and illegal third party contact and disclosure of Mr. and Mrs. Sanchez's debt.

74. Admit that this collection call was harassing, abusive, demeaning and upsetting to Sophia. Defendant's debt collector demanded to know when the Sanchez's were going to repay this debt.

75. Admit that this was a harassing and aggressive collection call given the fact that the Sanchez's had both repeatedly spoken to the Defendants' debt collectors in the past two week and had explained that they could simply not afford to make payments on this debt at this time.

76. Admit that Defendant debt collector told Sophia that they were going to begin an investigation against her parents for their failure to repay this debt.

77. Admit that this was an alarming and upsetting statement to Sophia because she feared for her parent's well-being and was intimidated by Defendants' aggressive statements that her parents would be investigated for this debt.

- 18 -

78. Admit that this series of collection communications to Plaintiffs Mrs. Irma Sanchez, Mr. Jorge Sanchez, and Ms. Sophia Sanchez, from these Defendants and their debt collectors, as more fully detailed in the Complaint filed herein, were debt collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692d, 1692d(1), 1692d(2), 1692d(5), 1692e, 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(10), and 1692f, amongst others, as well as constituting multiple violations of the California Rosenthal FDCPA, including but not limited to Civil Code §§ 1788-1788.32.

79. Admit that the conduct by these Defendants as more fully detailed in the Complaint filed herein, of harassing these Plaintiffs in an effort to collect this debt was an invasion of each Plaintiffs' privacy by an intrusion upon seclusion and by an illegal and impermissible revelation of financial private facts to third-parties.

80. Admit that Plaintiffs have suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of their personal privacy.

81. Admit that the abusive and deceptive collection practices described in the Complaint filed herein are routine for Defendant Collector, who has been sued for similar violations in the cases of Dann v. Client Services, Inc., 04-02885 RMW (N.D. Cal., San Jose, CA 2004) and Canãda v. Client Services, Inc., 05-02199 PJH (N.D. Cal, San Francisco/Oakland Division, CA 2005).

### Special Interrogatory To Requests For Admission

If the Defendants respond to any of these Requests for Admission with anything other than an unqualified admission, then Plaintiffs demand, pursuant to Rule 36 of the Federal Rules

- 19 -

of Civil Procedure that the Defendants answer the following special interrogatory within (30) days of service thereof, for each such request for admission to which an qualified response was made:

1.    If Defendants have answered any of the foregoing Requests for Admission with anything other than qualified admissions, then as to each such response, provide the following:

      a.    Identify each and every fact upon which Defendants rely to support their response.

      b.    Identify each and every document upon which Defendants rely to support their response and attach copies of such documents.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendants produce within thirty (30) days, the documents described herein and permit Plaintiffs and their attorneys to inspect and copy such documents as they may desire:**

1.    Any and all documents identified in Response to all sets of Plaintiffs' Interrogatories, Request for Admissions, and Requests for Statements.

2.    Any and all documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees in any and all of the following areas:

      a.    Collection policies;

      b.    Collection procedures;

      c.    Collection methods;

      d.    Collection techniques;

      e.    Collection tactics;

      f.    Collection rules;

      g.    Collection regulations; and

      h.    Compliance with local, state, or federal laws, codes, or regulations.

- 20 -

3.   Any and all training, personnel, or other instruction manuals used by any and all collection personnel who are employed by or supervised by Defendants.

4.   Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendants in collecting debts. A computer readable CD-ROM is sufficient if such document(s) are only available in this format.

5.   Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, insurance claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which any Defendant has been named as a witness or a party, that have existed or been brought with respect to or involving any Defendant, and which involved as all or part of their subject matter debt collection activities, for a period of three (3) years before the date of this request to the present.

6.   Any and all personnel files, human resource department records, employment files, and other documents including but not limited to all disciplinary notices, performance appraisals, written or verbal reprimands, incident reports, job applications, résumés, memos, and or electronic recordings of collection communications that were the subject of private or other complaints by any person, for every Defendant who is a natural person and for every collection employee of Defendant who has been specifically named in this lawsuit.

7.   Copies of any and all state-issued collection agency license(s) issued to any Defendant for the states in which Defendant is located and for the state in which Plaintiffs reside.

8.   Any and all documents in the possession or control of the Defendants which any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

- 21 -

9.  Any and all documents recording, documenting, or otherwise tracking Defendants' attempts to collect a debt from Plaintiffs, including but not limited to:

   a.  Records of all inbound or outbound telephone calls, to or from any Plaintiff, including local and long distance records from third-party local and long distance providers;

   b.  Records of all inbound or outbound United States mail, to or from any Plaintiff.

   c.  Records of all other inbound or outbound communication of whatever kind, to or from any Plaintiff.

10. Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendants to collect debts, which include any Plaintiffs' name, address, telephone number(s), account number, or any other information which is personally identifiable to any Plaintiff.  Include all screens that include information of any kind related to the collection of Plaintiffs' account.

11. A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

12. Exemplars of any and all orientation, new hire, or any other manual, test, or information given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment, for a period of three (3) years from the date of this request to the present.

13. Exemplars of any and all documents of whatever kind given to natural persons employed by any Defendant to collect debts during the course of that person's employment, for a period of three (3) years from the date of this request to the present.

## <u>REQUEST FOR PRODUCTION OF STATEMENTS</u>

**Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff**

**demands that copies of the following be made available within thirty (30) days:**

1.     All statements made by parties and non-parties, which are in the possession or control of

any  Defendant(s),  concerning  the  above  action  or  its  subject  matter  which  are

discoverable pursuant to the Federal Rules of Civil Procedure.

Dated: February 14, 2007

Respectfully submitted,
By: s/ Ronald Wilcox
Ronald Wilcox, Esq.
Attorney I.D. #176601
2160 The Alameda
First Floor, Suite F
San Jose, CA 95126
Telephone:  (408) 296-0400
Facsimile: (408) 296-0486
ronaldwilcox@yahoo.com

**THE BARRY LAW OFFICE, LTD.**
Peter F. Barry, Esq.
Minnesota Attorney I.D.#0266577
342 East County Road D
St. Paul, Minnesota 55117-1275
Telephone:  (651) 714-8800
Facsimile: (888) 878-1897
pbarry@lawpoint.com

pfb/ra                                            **ATTORNEYS FOR PLAINTIFFS**

- 23 -

1

## **CERTIFICATE OF SERVICE**

2

I, Marion Ramel, hereby certify that on February 14, 2007 the foregoing document was

3

sent by facsimile and first class U.S. Mail to:

4

5

> Phuong H. Nguyen, Esq.
> Hayes, Davis, Bonino, Ellingson, McLay & Scott
> 203 Redwood Shores Parkway, Suite 480
> Redwood Shores, CA 94065
> Fax: (650) 637-8071

6

7

8

ATTORNEY FOR DEFENDANT CLIENT SERVICES, INC.

9

Executed on February 14, 2007, in San Jose, California.

10

11

Marion Ramel

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 24 -

MEMORY TRANSMISSION REPORT

| | |
|---|---|
| TIME | :02-14-'07 15:26 |
| FAX NO.1 | :1-408-296-0486 |
| NAME | :Ronald Wilcox Law O. |

| | | |
|---|---|---|
| FILE NO. | : | 107 |
| DATE | : | 02.14 15:19 |
| TO | : | ☎16506378071 |
| DOCUMENT PAGES | : | 25 |
| START TIME | : | 02.14 15:20 |
| END TIME | : | 02.14 15:26 |
| PAGES SENT | : | 25 |
| STATUS | : | OK |

***   SUCCESSFUL TX NOTICE   ***

Ronald Wilcox
Attorney at Law
2160 The Alameda, First Floor Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
Email: Ronaldwilcox@post.harvard.edu

**RONALD WILCOX
Attorney at Law**

# Fax

| To: | Phoung H. Nguyen, Esq.<br>Hayes, Davis, Bonino, Ellingson, McLay & Scott<br>203 Redwood Shores Parkway, Suite 480<br>Redwood Shores, CA 94065 | From: | Marion Ramel, Legal Assistant |
|---|---|---|---|
| Fax: | 650-637-8071 | Pages: | 25 |
| Phone: | | Date: | 2/14/2007 |
| Re: | Sanchez et al. v. Client Services, Inc., et al<br>Case No.: 06-06280 PVT | CC: | |

| ☐ Urgent | ☐ For Review | ☐ Please Comment | ☒ Please Reply | ☐ Please Recycle |
|---|---|---|---|---|

Dear Ms. Nguyen:

Attached please find *Plaintiffs' Interrogatories, Requests for Admission, Requests for Production of Documents, and Requests for Production of Statements Set I.*

Sincerely,



Marion Ramel
Legal Assistant to Ronald Wilcox

# EXHIBIT 21

1  STEPHEN A. SCOTT (SBN 67467)
   BRIAN R. DAVIS (SBN 160817)
2  PHUONG H. NGUYEN (SBN 226772)
   **HAYES DAVIS BONINO**
3  **ELLINGSON McLAY & SCOTT, LLP**
   203 Redwood Shores Pkwy., Suite 480
4  Redwood Shores, California 94065
   Telephone: 650.637.9100
5  Facsimile: 650.637-8071

6  Attorneys for Defendants
   CLIENT SERVICES, INC. and KARLA DAVIS

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                         SAN JOSE DIVISION

10

11 IRMA SANCHEZ, JORGE SANCHEZ, AND          CASE NO.  C06-06280 PVT
   SOPHIA SANCHEZ
12                                            **DEFENDANTS CLIENT SERVICES, INC.'S
                    Plaintiffs,               AND KARLA DAVIS' OBJECTIONS AND
13                                            RESPONSES TO PLAINTIFFS' FIRST SET
           v.                                 OF REQUESTS FOR PRODUCTION OF
14                                            DOCUMENT**
   CLIENT SERVICES, INC.,  AND CLARA          [Federal Rules of Civil Procedure Rule 34]
15 DAVIS
16                  Defendants.

17

18

19 PROPOUNDING PARTY:        Plaintiffs IRMA SANCHEZ, JORGE SANCHEZ, and
                             SOPHIA SANCHEZ ("Propounding Party" and/or
20                           "Plaintiffs")

21 RESPONDING PARTY:         Defendants CLIENT SERVICES, INC. and KARLA DAVIS
                             ("Responding Party" and/or "Defendants")
22
   SET NO.:                  ONE
23

24      Defendants CLIENT SERVICES, INC. and KARLA DAVIS hereby object and respond to

25 Plaintiffs' First Set of Requests for Production of Document pursuant to the Federal Rules of Civil

26 Procedure, Rule 34.

27

28
   133014                              -1-
   DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PROD. OF DOCUMENT

## GENERAL STATEMENTS AND OBJECTIONS

Responding Party is pursuing its investigation and analysis of the facts and law relating to this case and has not completed its discovery or preparation for trial. Therefore, the responses set forth herein are given without prejudice to Responding Party's right to produce any subsequently-discovered facts or writings to add, modify, or otherwise change or amend the responses herein. The information hereinafter set forth is true and correct to the best knowledge of Responding Party as of this date, and is subject to correction for inadvertent errors, mistakes, or omissions. These responses are based on information presently available to Responding Party.

Responding Party reserves the right to use at trial or deposition or in support of or in opposition to any motion any and all writings heretofore or hereafter produced by parties in this action or by third persons. To the extent that Responding Party identifies certain writings or delineates facts, it does so without prejudice to establish at a later date any additional facts that may be contained within or discovered as a result of any subsequently-discovered facts of any additional investigation and discovery.

Inadvertent identification or production of privileged writings or information by Responding Party is not a waiver of any applicable privilege. Production of writings or information does not waive any objection, including but not limited to relevancy, to the admission of such writings in evidence.

The term "writing" is used herein as defined in Rule 1001 of the Federal Rules of Evidence. Writings prepared or sent in connection with the within litigation, including but not limited to pleadings, motions, discovery responses, and correspondence between counsel, are not included in the writings produced by Responding Party.

## REQUEST FOR PRODUCTION NO. 1:

Any and all documents identified in Response to all sets of Plaintiffs' Interrogatories, Request for Admissions, and Requests for Statements.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Responding Party objects to this request on the grounds that it is vague, ambiguous and unintelligible in that it cannot determine the intended scope of "Response to all sets."

1     Subject to and without waiving said objections, Responding Party has previously produced

2  all non-privileged documents responsive to this request and will not produce them again.

3  Responding Party will produce all additional non-privileged documents, if any, that are responsive

4  to this request.

5  **REQUEST FOR PRODUCTION NO. 2:**

6     Any and all documents summarizing, describing, instructing, detailing, or otherwise training

7  any and all of Defendants' employees in any and all of the following areas.

8     a.   Collection policies;

9     b.   Collection procedures;

10    c.   Collection methods;

11    d.   Collection techniques;

12    e.   Collection tactics;

13    f.   Collection rules;

14    g.   Collection regulations;

15    h.   Compliance with local, state, or federal laws, codes or regulations.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

17    Responding Party objects to this interrogatory on the grounds that it is overbroad in scope

18  and time, unduly burdensome and oppressive and seeks information not relevant to a claim or

19  defense in this action and is therefore not discoverable pursuant to Federal Rules of Civil

20  Procedure, Rule 26(b)(1).  Moreover, this interrogatory seeks information that is not reasonably

21  calculated to lead to the discovery of admissible evidence pursuant to Federal Rules of Civil

22  Procedure, Rule 26(b)(1).

23    Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

24  trade secrets and other confidential information pertaining to the internal operations of Responding

25  Party and is therefore protected from discovery.

26    Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

27  information which is protected from discovery under the attorney-client privilege and attorney-work

28  product doctrine.

1    Responding Party further objects on the grounds this interrogatory seeks a compilation,
2    abstract, audit or summary of records, and the burden to ascertain the requested information is
3    substantially the same for the propounding and responding parties.

4    Responding Party further objects to this interrogatory on the grounds that plaintiffs seek
5    information beyond the applicable statute of limitations pertaining to this matter.

6    Responding Party further objects to this interrogatory on the grounds that plaintiffs seek
7    information which violates the individual constitutional rights of privacy of third parties not
8    included in this lawsuit.

9    Responding Party further objects to this interrogatory on the grounds that it is duplicative of
10   prior discovery.  Subject to and without waiving said objections, responding party hereby responds
11   as follows:  Responding Party has previously produced all documents responsive to this request in
12   conjunction with Responding Party's initial disclosure of documents pursuant to Rule 26 of the
13   Federal Rules of Civil Procedure.  Responding Party will not produce such documents again.

14   **REQUEST FOR PRODUCTION NO. 3:**

15   Any and all training, personnel, or other instruction manuals used by any and all collection
16   personnel who are employed by or supervised by Defendants.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

18   Responding party objects to this request on the grounds that it is vague, ambiguous and
19   unintelligible in that it cannot determine the intended scope of "collection personnel" and
20   "supervised."

21   Responding Party further objects to this interrogatory on the grounds that it is overbroad in
22   scope and time, unduly burdensome and oppressive and seeks information not relevant to a claim or
23   defense in this action and is therefore not discoverable pursuant to Federal Rules of Civil
24   Procedure, Rule 26(b)(1).  Moreover, this interrogatory seeks information that is not reasonably
25   calculated to lead to the discovery of admissible evidence pursuant to Federal Rules of Civil
26   Procedure, Rule 26(b)(1).

27   Responding Party further objects to this interrogatory on the grounds that plaintiffs seek
28   trade secrets and other confidential information pertaining to the internal operations of Responding

1   Party and is therefore protected from discovery.

2        Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

3   information which is protected from discovery under the attorney-client privilege and attorney-work

4   product doctrine.

5        Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

6   information beyond the applicable statute of limitations pertaining to this matter.

7        Subject to and without waiving said objections, responding party hereby responds as

8   follows:  Responding Party has previously produced all documents responsive to this request in

9   conjunction with Responding Party's initial disclosure of documents pursuant to Rule 26 of the

10  Federal Rules of Civil Procedure.  Responding Party will not produce such documents again.

11  **REQUEST FOR PRODUCTION NO. 4:**

12       Any and all collection software manuals and /or instruction guides for each and every

13  computer system, software package, software system, telephone system, electronic device, or non-

14  electronic device used in any manner by Defendants in collecting debts.  A computer readable CD-

15  ROM is sufficient if such document(s) are only available in this format.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

17       Responding party objects to this request on the grounds that it is vague, ambiguous and

18  unintelligible in that it cannot determine the intended scope of "collection software manuals."

19       Responding Party objects to this interrogatory on the grounds that it is overbroad in scope

20  and time, unduly burdensome and oppressive and seeks information not relevant to a claim or

21  defense in this action and is therefore not discoverable pursuant to Federal Rules of Civil

22  Procedure, Rule 26(b)(1).  Moreover, this interrogatory seeks information that is not reasonably

23  calculated to lead to the discovery of admissible evidence pursuant to Federal Rules of Civil

24  Procedure, Rule 26(b)(1).

25       Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

26  trade secrets and other confidential information pertaining to the internal operations of Responding

27  Party and is therefore protected from discovery.

28       Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

133014                                         -5-

1  information which is protected from discovery under the attorney-client privilege and attorney-work
2  product doctrine.

3       Responding Party further objects on the grounds this interrogatory seeks a compilation,
4  abstract, audit or summary of records, and the burden to ascertain the requested information is
5  substantially the same for the propounding and responding parties.

6       Responding Party further objects to this interrogatory on the grounds that plaintiffs seek
7  information beyond the applicable statute of limitations pertaining to this matter.

8       Responding Party further objects to this interrogatory on the grounds that plaintiffs seek
9  information which violates the individual constitutional rights of privacy of third parties not
10 included in this lawsuit.

11      Responding Party further objects to this interrogatory on the grounds that it is duplicative of
12 prior discovery.  Subject to and without waiving said objections, Responding Party will not produce
13 any documents in response to this request.

14 **REQUEST FOR PRODUCTION NO. 5:**

15      Any and all documents relating to or evidencing any and all lawsuits, legal claims, equitable
16 claims, insurance claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-
17 court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which
18 any Defendant has been named as a witness or a party, that have existed or been brought with
19 respect to or involving any Defendant, and which involved as all or part of their subject matter debt
20 collection activities, for a period of three (3) years before the date of this request to the present.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

22      Responding party objects to this request on the grounds that it is vague, ambiguous and
23 unintelligible in that it cannot determine the intended scope of "subject matter debt collection
24 activities."

25      Responding Party further objects to this interrogatory on the grounds that it is overbroad in
26 scope and time, unduly burdensome and oppressive and seeks information not relevant to a claim or
27 defense in this action and is therefore not discoverable pursuant to Federal Rules of Civil
28 Procedure, Rule 26(b)(1).  Moreover, this interrogatory seeks information that is not reasonably

133014                                    -6-

1  calculated to lead to the discovery of admissible evidence pursuant to Federal Rules of Civil

2  Procedure, Rule 26(b)(1).

3      Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

4  trade secrets and other confidential information pertaining to the internal operations of Responding

5  Party and is therefore protected from discovery.

6      Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

7  information which is protected from discovery under the attorney-client privilege and attorney-work

8  product doctrine.

9      Responding Party further objects on the grounds this interrogatory seeks a compilation,

10  abstract, audit or summary of records, and the burden to ascertain the requested information is

11  substantially the same for the propounding and responding parties.

12      Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

13  information beyond the applicable statute of limitations pertaining to this matter.

14      Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

15  information which violates the individual constitutional rights of privacy of third parties not

16  included in this lawsuit.

17      Subject to and without waiving said objections, Responding Party will not produce any

18  documents in response to this request.

19  **REQUEST FOR PRODUCTION NO. 6:**

20      Any and all personnel files, human resources department records, employment files, and

21  other documents including but not limited to all disciplinary notices, performance appraisals,

22  written or verbal reprimands, incident reports, job applications, résumés, memos, and or electronic

23  recordings of collection communications that were the subject of private or other complaints by any

24  person, for every Defendant who is a natural person and for every collection employee of Defendant

25  who has been specifically named in this lawsuit.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

27      Responding party objects to this request on the grounds that it is vague, ambiguous and

28  unintelligible in that it cannot determine the intended scope of "human resources department

133014                 -7-

1  records" "performance appraisals" and "electronic recordings."

2       Responding Party further objects to this interrogatory on the grounds that it is overbroad in

3  scope and time, unduly burdensome and oppressive and seeks information not relevant to a claim or

4  defense in this action and is therefore not discoverable pursuant to Federal Rules of Civil

5  Procedure, Rule 26(b)(1).  Moreover, this interrogatory seeks information that is not reasonably

6  calculated to lead to the discovery of admissible evidence pursuant to Federal Rules of Civil

7  Procedure, Rule 26(b)(1).

8       Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

9  trade secrets and other confidential information pertaining to the internal operations of Responding

10  Party and is therefore protected from discovery.

11       Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

12  information which is protected from discovery under the attorney-client privilege and attorney-work

13  product doctrine.

14       Responding Party further objects on the grounds this interrogatory seeks a compilation,

15  abstract, audit or summary of records, and the burden to ascertain the requested information is

16  substantially the same for the propounding and responding parties.

17       Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

18  information beyond the applicable statute of limitations pertaining to this matter.

19       Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

20  information which violates the individual constitutional rights of privacy of third parties not

21  included in this lawsuit.

22       Subject to and without waiving said objections, Responding Party will not produce any

23  documents in response to this request.

24  **REQUEST FOR PRODUCTION NO. 7:**

25       Copies of all state-issued collection agency license(s) issued to any Defendant for the states

26  in which Defendant is located and for the state in which the Plaintiff resides.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

28       Responding Party objects to this interrogatory on the grounds that it is overbroad in scope

133014

-8-

and time, unduly burdensome and oppressive and seeks information not relevant to a claim or defense in this action and is therefore not discoverable pursuant to Federal Rules of Civil Procedure, Rule 26(b)(1).  Moreover, this interrogatory seeks information that is not reasonably calculated to lead to the discovery of admissible evidence pursuant to Federal Rules of Civil Procedure, Rule 26(b)(1).

Responding Party further objects to this interrogatory on the grounds that plaintiffs seek information beyond the applicable statute of limitations pertaining to this matter.

Subject to and without waiving said objections, no such state-issued collection agency license(s) are required.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents in the possession or control of the Defendants which any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party has previously produced all non-privileged documents responsive to this request and will not produce them again.  Responding Party will produce all additional non-privileged documents that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents recording, documenting, or otherwise tracking Defendant's attempts to collect a debt from Plaintiffs, including, but not limited to:

    a.  Records of all inbound or outbound telephone calls, to or from any Plaintiff, including local and long distant records from third-party and long distance providers;

    b.  Records of all inbound or outbound United States mail, to or from any Plaintiff.

    c.  Records of all other inbound communication of whatever kind, to or from Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding party objects to this request on the grounds that it is vague, ambiguous and unintelligible in that it cannot determine the intended scope of "tracking."

Responding Party further objects to this interrogatory on the grounds that it is overbroad in scope and time, unduly burdensome and oppressive and seeks information not relevant to a claim or

1  defense in this action and is therefore not discoverable pursuant to Federal Rules of Civil

2  Procedure, Rule 26(b)(1).  Moreover, this interrogatory seeks information that is not reasonably

3  calculated to lead to the discovery of admissible evidence pursuant to Federal Rules of Civil

4  Procedure, Rule 26(b)(1).

5      Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

6  trade secrets and other confidential information pertaining to the internal operations of Responding

7  Party and is therefore protected from discovery.

8      Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

9  information which is protected from discovery under the attorney-client privilege and attorney-work

10  product doctrine.

11      Responding Party further objects on the grounds this interrogatory seeks a compilation,

12  abstract, audit or summary of records, and the burden to ascertain the requested information is

13  substantially the same for the propounding and responding parties.

14      Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

15  information beyond the applicable statute of limitations pertaining to this matter.

16      Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

17  information which violates the individual constitutional rights of privacy of third parties not

18  included in this lawsuit.

19      Subject to and without waiving said objections, Responding Party has previously produced

20  all non-privileged documents responsive to this request and will not produce them again.

21  Responding Party will produce all additional non-privileged documents, if any, that are responsive

22  to this request.

23  **REQUEST FOR PRODUCTION NO. 10:**

24      Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise

25  created using any computer system, software package, software system, or other electronic device

26  used in any manner by Defendants to collect debts, which include any Plaintiff's name, address,

27  telephone number(s), account number, or any other information which is personally identifiable to

28  any Plaintiff.  Include all screens that include information of any kind related to the collection of

133014                                        -10-

1  Plaintiff's account.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

3          Responding party objects to this request on the grounds that it is vague, ambiguous and

4  unintelligible in that it cannot determine the intended scope of "printouts computer" and "electronic

5  device."

6          Responding Party further objects to this interrogatory on the grounds that it is overbroad in

7  scope and time, unduly burdensome and oppressive and seeks information not relevant to a claim or

8  defense in this action and is therefore not discoverable pursuant to Federal Rules of Civil

9  Procedure, Rule 26(b)(1).  Moreover, this interrogatory seeks information that is not reasonably

10  calculated to lead to the discovery of admissible evidence pursuant to Federal Rules of Civil

11  Procedure, Rule 26(b)(1).

12          Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

13  trade secrets and other confidential information pertaining to the internal operations of Responding

14  Party and is therefore protected from discovery.

15          Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

16  information which is protected from discovery under the attorney-client privilege and attorney-work

17  product doctrine.

18          Responding Party further objects on the grounds this interrogatory seeks a compilation,

19  abstract, audit or summary of records, and the burden to ascertain the requested information is

20  substantially the same for the propounding and responding parties.

21          Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

22  information beyond the applicable statute of limitations pertaining to this matter.

23          Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

24  information which violates the individual constitutional rights of privacy of third parties not

25  included in this lawsuit.

26          Subject to and without waiving said objections, Responding Party has previously produced

27  all non-privileged documents responsive to this request and will not produce them again.

28  Responding Party will produce all additional non-privileged documents, if any, that are responsive

133014                                                  -11-

1  to this request.

2  **REQUEST FOR PRODUCTION NO. 11:**

3       A plain-English description or glossary for any and all lists, legends, codes, abbreviations,

4  collector initials, or any non-obvious terms, words, or data contained in any of the documents

5  provided.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

7       Responding Party objects to this interrogatory on the grounds that it is overbroad in scope

8  and time, unduly burdensome and oppressive and seeks information not relevant to a claim or

9  defense in this action and is therefore not discoverable pursuant to Federal Rules of Civil

10  Procedure, Rule 26(b)(1).  Moreover, this interrogatory seeks information that is not reasonably

11  calculated to lead to the discovery of admissible evidence pursuant to Federal Rules of Civil

12  Procedure, Rule 26(b)(1).

13       Responding Party further objects to this interrogatory on the grounds that it is duplicative of

14  prior discovery.  Subject to and without waiving said objections, Responding Party has previously

15  produced all non-privileged documents responsive to this request and will not produce them again.

16  Responding Party will produce all additional non-privileged documents, if any, that are responsive

17  to this request.

18  **REQUEST FOR PRODUCTION NO. 12:**

19       Exemplars of any and all orientation, new hire, or any other manual, test, or information

20  given to natural persons employed by any Defendant to collect debts at the commencement of that

21  person's employment, for a period of three (3) years from the date of this request to present.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

23       Responding Party objects to this interrogatory on the grounds that it is overbroad in scope

24  and time, unduly burdensome and oppressive and seeks information not relevant to a claim or

25  defense in this action and is therefore not discoverable pursuant to Federal Rules of Civil

26  Procedure, Rule 26(b)(1).  Moreover, this interrogatory seeks information that is not reasonably

27  calculated to lead to the discovery of admissible evidence pursuant to Federal Rules of Civil

28  Procedure, Rule 26(b)(1).

133014                                    -12-

1   Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

2   trade secrets and other confidential information pertaining to the internal operations of Responding

3   Party and is therefore protected from discovery.

4   Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

5   information which is protected from discovery under the attorney-client privilege and attorney-work

6   product doctrine.

7   Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

8   information beyond the applicable statute of limitations pertaining to this matter.

9   Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

10  information which violates the individual constitutional rights of privacy of third parties not

11  included in this lawsuit.

12  Subject to and without waiving said objections, Responding party has previously produced

13  all documents responsive to this request in conjunction with Responding Party's initial disclosure of

14  documents pursuant to Rule 26 of the Federal Rules of Civil Procedure.  Responding Party will not

15  produce such documents again.

16  **REQUEST FOR PRODUCTION NO. 13:**

17  Exemplars of any and all documents of whatever kind given to natural persons employed by

18  any Defendant to collect debts during the course of that person's employment, for a period of three

19  (3) years from the date of this request to the present.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

21  Responding party objects to this request on the grounds that it is vague, ambiguous and

22  unintelligible in that it cannot determine the intended scope of "documents of whatever kind."

23  Responding Party further objects to this interrogatory on the grounds that it is overbroad in

24  scope and time, unduly burdensome and oppressive and seeks information not relevant to a claim or

25  defense in this action and is therefore not discoverable pursuant to Federal Rules of Civil

26  Procedure, Rule 26(b)(1).  Moreover, this interrogatory seeks information that is not reasonably

27  calculated to lead to the discovery of admissible evidence pursuant to Federal Rules of Civil

28  Procedure, Rule 26(b)(1).

133014

-13-

1   Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

2   trade secrets and other confidential information pertaining to the internal operations of Responding

3   Party and is therefore protected from discovery.

4   Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

5   information which is protected from discovery under the attorney-client privilege and attorney-work

6   product doctrine.

7   Responding Party further objects on the grounds this interrogatory seeks a compilation,

8   abstract, audit or summary of records, and the burden to ascertain the requested information is

9   substantially the same for the propounding and responding parties.

10   Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

11   information beyond the applicable statute of limitations pertaining to this matter.

12   Responding Party further objects to this interrogatory on the grounds that plaintiffs seek

13   information which violates the individual constitutional rights of privacy of third parties not

14   included in this lawsuit.

15   Responding Party further objects to this interrogatory on the grounds that it is duplicative of

16   prior discovery.  Subject to and without waiving said objections, responding party hereby responds

17   as follows:  Responding Party has previously produced all documents responsive to this request in

18   conjunction with Responding Party's initial disclosure of documents pursuant to Rule 26 of the

19   Federal Rules of Civil Procedure.  Responding Party will not produce such documents again.

20   Dated: March 19, 2007           HAYES DAVIS BONINO ELLINGSON
                                     McLAY & SCOTT, LLP
21

22                                   By
23                                      STEPHEN A. SCOTT
                                        BRIAN R. DAVIS
24                                      PHUONG H. NGUYEN
                                        Attorneys for Defendants
25                                      CLIENT SERVICES, INC. & KARLA DAVIS

26

27

28

133014                              -14-

# VERIFICATION TO FOLLOW

1    **CASE NAME:**    **Sanchez v. Client Services, Inc., et al.**
     **ACTION NO.:**    **C06-06280 PVT**
2
                                    **PROOF OF SERVICE**
3
            I am a citizen of the United States. My business address is 203 Redwood Shores Pkwy.,
4    Suite 480, Redwood Shores, California  94065.  I am employed in the County of San Mateo where
     this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily
5    familiar with my employer's normal business practice for collection and processing of
     correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is
6    deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course
     of business.
7
            On the date set forth below, following ordinary business practice, I served a true copy of the
8    foregoing document(s) described as:

9    **DEFENDANTS CLIENT SERVICES, INC.'S AND KARLA DAVIS' OBJECTIONS AND**
     **RESPONSES TO PLAINTIFFS' FIRST SET OF REQUEST FOR PRODUCTION OF**
10                                    **DOCUMENTS**

11    ☐    (BY FAX) by transmitting via facsimile the document(s) listed above to the fax
            number(s) set forth below, or as stated on the attached service list, on this date
12          before 5:00 p.m.

13    ☒    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be
            placed in the United States mail at Redwood Shores, California.
14
      ☐    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an
15          overnight delivery carrier with delivery fees provided for, addressed to the
            person(s) on whom it is to be served.
16
      Ronald Wilcox, Esq.                          Peter F. Barry
17    LAW OFFICES of RONALD WILCOX               BARRY & SLADE, LLC
      2160 The Alameda, First Floor, Suite F      2021 East Hennepin Ave., Suite 195
18    San Jose, CA 95126                          Minneapolis, MN 55413
      Telephone: 408.296.0400                     Telephone: 612.379.8800
19    Facsimile: 408.296.0486                     Facsimile:  612.379.8810

20    **Co-Counsel for Plaintiffs**
      **IRMA SANCHEZ, JORGE SANCHEZ**
21    **and SOPHIA SANCHEZ**                      **Co-Counsel for Plaintiffs**
                                                  **IRMA SANCHEZ, JORGE SANCHEZ**
22                                                **and SOPHIA SANCHEZ**

23
      ☒    *(Federal)* I declare under penalty of perjury under the laws of the State of
24          California that the above is true and correct.

25    Executed on March 19, 2007 at Redwood Shores, California.

26

27                                            _Abigail Bowman_
                                                  Abigail Bowman
28

128072

**PROOF OF SERVICE – CASE NO. C06-06280 PVT**